UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OTTO WELLS, | : |
| Plaintiff, | : |
| v. | : No. 2:16-cv-02687 |
| PHILADELPHIA POLICE DEPARTMENT; EDWIN PEREZ; TIMOTHY GIBSON; MAYOR OF PHILADELPHIA; and PHILADELPHIA CITY COUNCIL, | : |
| Defendants. | : |

# **O P I N I O N**

**Defendants Mayor and City Council's Motion to Dismiss, ECF No. 25 – Granted**
**Plaintiff's Motion for Summary Judgment, ECF No. 29 – Denied**
**Plaintiff's Motion for Appointment of Counsel, ECF No. 30 – Granted in part**
**Plaintiff's Motion for an Order Compelling Discovery, ECF No. 32 – Denied**

**Joseph F. Leeson, Jr.**                                                                                                     **October 20, 2017**
**United States District Judge**

I.     Introduction

      Plaintiff Otto Wells, a prisoner proceeding pro se, filed his Complaint in this matter in May 2016, alleging that in December 2014 Defendants Timothy Gibson and Edwin Perez, both members of the Philadelphia Police Department, punched, kicked, and stomped him, and then threatened to arrest him if he sought medical attention for the injuries they inflicted. ECF No. 1. The case was placed in suspense pending the resolution of Wells's criminal case and was removed from suspense in March 2017. ECF No. 9. In July 2017, Wells filed an Amended Complaint, adding the Mayor of Philadelphia and the Philadelphia City Council as Defendants. ECF No. 19. These newly-added Defendants ("Moving Defendants") have filed a Motion to

Dismiss the claims against them. ECF No. 25.[1] Wells, meanwhile, has filed a Motion for Summary Judgment, ECF No. 29, a Motion for Appointment of Counsel, ECF No. 30, and a Motion for Order Compelling Discovery, ECF No. 32. For the reasons set forth below, Moving Defendants' Motion to Dismiss is granted, Wells's Motion for Summary Judgment and Motion for Order Compelling Discovery are denied, and Wells's Motion for Appointment of Counsel is granted in part.

## II. The Mayor and the City Council's Motion to Dismiss is granted.

Wells's Amended Complaint alleges that on the evening of December 18, 2014, he and his girlfriend were walking in Philadelphia when two Rottweiler dogs began to follow them. Am. Compl. ¶¶ 1-3. Wells began to run and ended up at his family residence at 2440 N. 30th Street, at which point Defendant Officers Edwin Perez and Timothy Gibson approached him, pulled him out of the doorway, and proceeded to physically attack him and to direct racial slurs at him.[2] Am. Compl. ¶¶ 3-4. Following the attack, the officers "attempted to prevent [Wells] from seeking medical treatment for [the] injuries they inflicted by suggesting if he did not go to the hospital for treatment . . . they would let him go and not arrest him," but if he sought treatment "they would place criminal charges against him." Am. Compl. ¶ 5. Wells "refused the defendants['] offer . . . and demanded that he be taken to the hospital for treatment." Am. Compl. ¶ 6. Upon arriving at the hospital, where he received emergency medical treatment for his injuries, the officers again threatened to file criminal charges against him. Am. Compl. ¶ 6. Wells alleges that these events occurred "[a]s a direct and proximate result of a pattern and practice of racial discrimination" by the Philadelphia Police Department. Am. Compl. ¶ 1.

---

[1] Defendants Philadelphia Police Department, Officer Perez, and Officer Gibson have filed an Answer to the Amended Complaint. ECF No. 26.
[2] Wells is African-American.

The Mayor and the City Council move to dismiss Wells's claims against them under Federal Rule of Civil Procedure 12(b)(6), contending that Wells has failed to allege any facts to support any claims against them, and pointing out that he fails to even mention their names in the body of his Amended Complaint. Wells responds that the Mayor and the City Council have a duty to protect citizens from unreasonable and excessive force from police officers, are responsible for passing legislation to ensure proper police conduct, and "are responsible for rogue police officers who do not follow the proper procedures." Pl.'s Resp. Defs.' Mot., ECF No. 28.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Based on Wells's response to the Mayor and the City Council's motion, it appears that he is seeking to hold the Mayor and the City Council liable because of their positions of authority over Officers Perez and Gibson. But the Mayor and the City Council cannot be held liable for the officers' conduct simply by virtue of their governmental positions or roles. Rather, "[a] government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011). Based on this principle, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, "supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm," and, second, supervisors can

be liable if "they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.'" *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)). Wells's Amended Complaint fails to state a claim against the Mayor and the City Council under either of these theories. Rather, as Moving Defendants point out, Wells's Amended Complaint fails to include any allegations at all concerning these Defendants. Accordingly, Wells's claims against these Defendants are dismissed.

Wells will be permitted leave to amend his claims against these Defendants. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."). In light of the Court's decision to refer this matter to the Prisoner Civil Rights Panel and to stay all proceedings while Wells's case is pending before the Panel, as discussed in more detail below, the Court will not, at this time, set a deadline for Wells to file a second amended complaint.

**III.   Wells's Motion for Summary Judgment is denied as premature.**

Wells moves for summary judgment on his claims against the Philadelphia Police Department, Officer Gibson, and Officer Perez, contending that the undisputed facts show that these Defendants violated his constitutional rights. ECF No. 29. Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Here, Wells's Motion is premature, because the parties have not yet completed discovery and there remain genuine disputes of material fact between the parties. *See Doe v. Abington*

*Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) ("[T]he non-moving party's burden at summary judgment rests on the assumption that the party 'had a full opportunity to conduct discovery.'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986))). Accordingly, Wells's motion is denied, without prejudice to renew after the completion of discovery.

**IV.     Wells's Motion for an Order Compelling Discovery is denied as moot.**

Wells seeks an order compelling Defendants to answer interrogatories and to produce certain documents. ECF No. 32. In a filing dated October 13, 2017, Defendants certified that they have now responded to Wells's interrogatories and requests for production of documents. ECF No. 34. Accordingly, Wells's motion seeking an order compelling this discovery is denied as moot.

**V.      Wells's Motion for Appointment of Counsel is granted in part.**

In his Motion for Appointment of Counsel, Wells states that his imprisonment "will greatly limit his ability to litigate. The issues involved in this case are complex, and will require significant research and investigation that requires . . . expert testimony." Pl.'s Mot. Counsel, ECF No. 30. In addition, "[a] trial in this case will likely involve conflicting testimony, and counsel would better enable to present evidence and cross examine witnesses and Defendants." *Id.*

Although "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel, . . . Congress has granted district courts statutory authority to 'request' appointed counsel" for such litigants. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (quoting 28 U.S.C. § 1915(e)(1)). In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the Court of Appeals for the Third Circuit developed a non-exhaustive "list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants." *Montgomery*, 294 F.3d at

498 (citing *Tabron*, 6 F.3d at 155). As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Id.*

"[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen [are] analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (U.S. 1989). Wells's allegations that the officers violently attacked him for no reason state a claim for excessive force under the Fourth Amendment. Moreover, Wells has attached to his (premature) Motion for Summary Judgment several declarations or affidavits from persons claiming that they witnessed at least part of the events alleged in Wells's Amended Complaint, and he has attached medical documentation that appears to show that he suffered injuries in December 2014. This suffices for Wells to overcome the "threshold hurdle" of showing that his case has some arguable merit in fact and law.

Because Wells has overcome this threshold hurdle, the Court turns to consideration of the following factors:

> 1. the plaintiff's ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
> 5. the extent to which a case is likely to turn on credibility determinations, and;
> 6. whether the case will require testimony from expert witnesses.

*See Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155–57). In addition, "[t]wo other factors a district court should consider are: 1) The Court's willingness to aid the indigent party in presenting his or her case by, for example, explaining how to introduce and move for the admission of evidence; and 2) The supply of attorneys willing to take § 1915(e) requests in the

geographic area of the litigation." *Gordon v. Gonzalez*, 232 F. App'x 153, 156 n.4 (3d Cir. 2007).

With respect to the first *Tabron* factor—which the Court of Appeals has identified as "[p]erhaps the most significant of *Tabron's* post-threshold factors"—Wells has shown some ability to gather evidence and submit filings for his case, although he does not appear to be "a sophisticated 'jailhouse lawyer.'" *See Montgomery*, 294 F.3d at 501-02.

With respect to the second factor—the difficulty of the particular legal issues—although the law regarding excessive force claims is relatively clear, the Court must consider this factor "in conjunction with . . . the plaintiff's capacity to present his own case," which, as indicated above, appears to be relatively limited. *See Montgomery*, 294 F.3d at 502 (quoting *Tabron*, 6 F.3d at 157).

With respect the third factor—concerning the extent to which factual investigation is required—based on the nature of Wells's claims, it appears that "the facts surrounding [Defendants'] alleged use of excessive force should be within [Wells's] own personal knowledge." *See Bostwick v. Shoop*, No. 1:09-CV-02212, 2009 WL 10657698, at *3 (M.D. Pa. Nov. 19, 2009).

With respect to the fourth factor—the ability to retain counsel—Wells has been granted leave to proceed *in forma pauperis* in this case and there is nothing in the record to suggest that he has the ability to retain counsel himself.

With respect to the fifth factor—concerning the extent to which the case will turn on credibility determinations— assuming the officers present a different account from that offered by Wells, resolution of such a dispute at trial "may well depend on nothing more than whom the finder of fact believes." *See Wassell v. Younkin*, No. CIV.A. 3:07-326, 2008 WL 73658, at *5

7
102017

(W.D. Pa. Jan. 7, 2008). "The development of such a swearing contest would support the appointment of counsel." *Id.*

With respect to the sixth factor—whether the case will require expert testimony—"[i]t is too early in the lawsuit to determine whether expert testimony will be necessary," since any medical claims set forth by Wells "may be sufficiently obvious to the layperson." *See id.*

With respect to the first factor noted in *Gordon*—the Court's willingness to aid Wells—the Court has an obligation to construe Wells's pleadings liberally and, if Defendants file motions for summary judgment, the Court will give Wells "every opportunity to functionally respond in some meaningful way" to such any such motion. *See Williams v. Lane*, No. CIV.A.01-03396, 2007 WL 756731, at *3 (E.D. Pa. Mar. 8, 2007). But "the same standards for summary judgment still apply" to a pro se plaintiff, such that a pro se plaintiff "'must still set forth facts sufficient to survive summary judgment.'" *Id.* (quoting *Ezeiruaku v. United States*, No. 00-2225, 2000 WL 1751077, at *3 (E.D. Pa. Nov. 29, 2000)).

Finally, with respect to the second factor noted in *Gordon*—the available supply of attorneys—the Eastern District of Pennsylvania has established the Prisoner Civil Rights Panel, which is a panel of volunteer attorneys for cases such as Wells's. Nevertheless, the Court is mindful that it "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity." *See Montgomery*, 294 F.3d at 499.

In sum, Wells has met the threshold requirement of showing that his case has some arguable merit in fact and law and, at this relatively early stage of the case, it appears that at least some of the *Tabron* factors weigh in favor of appointment of counsel. The Court will therefore grant Wells's request for counsel in part, and will refer this action to this district's Prisoner Civil Rights Panel to attempt to find a volunteer attorney willing to represent Wells. Wells is advised,

however, that the Court cannot, under § 1915(e), require an unwilling attorney to represent him, and thus Wells will have to wait to see if an attorney on the Panel is willing to accept his case. The Court will stay all proceedings during the time that Wells's case is pending before the Panel.

## VI. The Philadelphia Police Department has waived any objections to service of process.

In Defendants' response to Wells's Motion for Summary Judgment, they state that although Wells has listed the Philadelphia Police Department in the caption of this case, the Department "has never been listed by [Wells] as a defendant in either the Complaint or Amended Complaint, has never been served, and is not docketed as a defendant." Defs.' Mem. Opp'n Pl.'s Mot. Summ. J. 1-2, ECF No. 31.[3] On this basis, Defendants aver that Wells's Motion for Summary Judgment applies only to Officers Gibson and Perez, and not to the Department. Defendants are correct that the Philadelphia Police Department has not been served in this case and is not currently docketed as a defendant. But the Department waived any objection to service when it filed an answer to Wells's Complaint and did not assert a defense of insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).[4] *See, e.g.*, *Addanki v. Def. Logistics Agency Def. Pers. Support Ctr.*, No. CIV. A. 95-CV-696, 1996 WL 635590, at *4 (E.D. Pa. Oct. 31, 1996) ("Rule 12(b)(5), in conjunction with Rule 12(h), requires that a defendant file a motion to dismiss for insufficient service of process before a responsive pleading is filed, or raise the issue in the first responsive pleading. Otherwise, the right to raise such a claim is waived."). Accordingly, in the separate Order accompanying this Opinion, the Court will direct the Clerk to add the Police Department to this case's docket.

---

[3] In his Amended Complaint, Wells alleges that the Department engaged in a "pattern and practice of racial discrimination" and that the Department has a "reputation of terrorizing . . . the Black community's res[i]dents where they are assigned to patrol." Am. Compl. ¶¶ 1-2.

[4] Defendants' Answer, filed on May 22, 2017, clearly states that it is being filed by "Defendants Philadelphia Police Department, Edwin Perez and Timothy Gibson." ECF No. 13.

## VII. Conclusion

For the reasons set forth above, the Mayor and the City Council's Motion to Dismiss is granted, Wells's Motion for Summary Judgment and Motion for Order Compelling Discovery are denied, and Wells's Motion for Appointment of Counsel is granted in part. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge